Filed 8/19/21  P. v. Quevedo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUIS ADAM QUEVEDO,<br><br>    Defendant and Appellant. | F081346<br><br>(Super. Ct. No. F20901890)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Carolyn D. Phillips, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Daniel B. Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Franson, Acting P.J., Smith, J. and Snauffer, J.

Defendant Luis Adam Quevedo pled no contest to unlawful driving or taking of a vehicle. He contends on appeal that the trial court abused its discretion in imposing a straight term of local custody rather than a split sentence, including mandatory supervision. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On March 11, 2020, the Fresno County District Attorney filed a complaint charging defendant with unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a); count 1), receiving a stolen motor vehicle (Pen. Code, § 496d, subd. (a);[1] count 2), misdemeanor possession of burglary tools (§ 466; count 3), misdemeanor reckless driving (Veh. Code, § 23103, subd. (a); count 4), misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 5), and misdemeanor possession of paraphernalia used for smoking a controlled substance (Health & Saf. Code, § 11364; count 6).

On March 17, 2020, pursuant to a plea agreement, defendant pled no contest on count 1 in exchange for dismissal of counts 2 through 6 and a maximum period of incarceration of two years.

On May 19, 2020, the trial court sentenced defendant to a two-year term (the middle term) of incarceration in the Fresno County jail (§ 1170, subd. (h)(1)). Defendant was awarded custody credits for 144 days (72 actual; 72 conduct).

On June 16, 2020, defendant filed a notice of appeal.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

# FACTUAL SUMMARY[2]

On March 2, 2020, Duch S. started the engine on his 2012 white Honda Civic and left the vehicle to warm up while he went inside. When he walked back outside, he saw a man driving the vehicle away.

On March 9, 2020, at approximately 3:45 p.m., a detective from the Help Eliminate Auto Theft task force saw a 2012 white Honda Civic parked in a stall at a duplex. He observed that the rear license plate appeared to be much older than the vehicle. He checked the registration on the vehicle and determined that the rear license plate was registered to a 1997 vehicle. The front license plate did not match the rear license plate. The front license plate was registered to a 2001 vehicle.

The detective, assisted by undercover officers, circled the block to conduct surveillance on the vehicle. Soon after, the detective saw defendant driving the vehicle and he began to follow. Defendant drove "erratically" and at a speed of approximately 50 miles per hour in a residential neighborhood. Officers briefly lost sight of the vehicle defendant drove then found it abandoned in front of a business. Soon after, they found defendant walking down a nearby street. As officers approached defendant, he entered the passenger door of an occupied vehicle, but was then apprehended. Officers spoke to the driver of the vehicle defendant had entered. The driver stated he did not know defendant. Defendant entered the passenger seat and told the driver " '[g]et me out of here and I'll pay you.' "

Defendant was searched incident to arrest. He possessed 3.5 grams of methamphetamine and a set of " 'shaved' " keys. Duch S. identified defendant as the man who had stolen his vehicle on March 2, 2020.

---

**2**      Defendant pled no contest "[p]ursuant to *People v. West*" (1970) 3 Cal.3d 595. The trial court relied upon the probation officer's report which summarized California Highway Patrol crime report No. F202-412-20 in coming to its sentencing determination. Our factual summary relies upon the same.

## DISCUSSION

At sentencing, defendant requested imposition of the mitigated term of 16 months as a split sentence.  The probation officer recommended imposition of the middle term of two years as a split sentence, with one year in local custody and one year of mandatory supervision.  The trial court instead imposed the middle term of two years as a straight term of local custody.  Defendant contends the trial court abused its discretion by failing to (1) recognize the presumption in favor of imposition of a split sentence and (2) consider the relevant criteria for denying mandatory supervision in favor of a straight sentence.  He contends that the trial court instead "treated its sentencing decision as a question of whether it should exercise its discretion to … [grant] probation" for which defendant was presumptively ineligible.  The People disagree, as do we.

Under the Criminal Justice Realignment Act of 2011 (Realignment Act), " 'qualified persons convicted of nonserious and nonviolent felonies are sentenced to county jail instead of state prison.  [Citation.]  Trial courts have discretion to commit the defendant to county jail for a full term in custody, or to impose a hybrid or split sentence consisting of county jail followed by a period of mandatory supervision.' " (*People v. Camp* (2015) 233 Cal.App.4th 461, 467; accord, *People v. Catalan* (2014) 228 Cal.App.4th 173, 178.)  When imposing a jail sentence for a felony under section 1170, subdivision (h), "[u]nless the court finds that, in the interests of justice, it is not appropriate in a particular case, the court … shall suspend execution of a concluding portion of the term for a period selected at the court's discretion." (*Id*., subd. (h)(5)(A).)

California Rules of Court, rule 4.415[3] also addresses the Realignment Act's presumption in favor of a split sentence in appropriate cases and sets forth certain criteria a court may consider in determining whether to deny such a sentence.  Rule 4.415 provides in relevant part:

---

[3]     All further rule references are to the California Rules of Court.

4.

**"(a) Presumption**

"Except where the defendant is statutorily ineligible for suspension of any part of the sentence, when imposing a term of imprisonment in county jail under section 1170(h), the court must suspend execution of a concluding portion of the term to be served as a period of mandatory supervision unless the court finds, in the interests of justice, that mandatory supervision is not appropriate in a particular case. Because section 1170(h)(5)(A) establishes a statutory presumption in favor of the imposition of a period of mandatory supervision in all applicable cases, denials of a period of mandatory supervision should be limited.

**"(b) Criteria for denying mandatory supervision in the interests of justice**

"In determining that mandatory supervision is not appropriate in the interests of justice under section 1170(h)(5)(A), the court's determination must be based on factors that are specific to a particular case or defendant. Factors the court may consider include:

"(1) Consideration of the balance of custody exposure available after imposition of presentence custody credits;

"(2) The defendant's present status on probation, mandatory supervision, postrelease community supervision, or parole;

"(3) Specific factors related to the defendant that indicate a lack of need for treatment or supervision upon release from custody; and

"(4) Whether the nature, seriousness, or circumstances of the case or the defendant's past performance on supervision substantially outweigh the benefits of supervision in promoting public safety and the defendant's successful reentry into the community upon release from custody.

[¶] … [¶]

**"(d) Statement of reasons for denial of mandatory supervision**

" [W]hen a court denies a period of mandatory supervision in the interests of justice, the court must state the reasons for the denial on the record." (Rule 4.415(a), (b), & (d).)

We review a trial court's determination that the interests of justice require imposition of a straight sentence for abuse of discretion. (*People v. Camp*, *supra*, 233

Cal.App.4th at p. 467; *People v. Catalan*, *supra*, 228 Cal.App.4th at p. 179; see *People v. Stuckey* (2009) 175 Cal.App.4th 898, 916 ["What the interests of justice require in a particular case constitutes a question uniquely addressed to the broad judicial discretion of the trial court."].)

As a threshold matter, defendant asks us to conclude that the trial court did not understand the presumption in favor of mandatory supervision based on the trial court's silence on the presumption. We will not do so for two reasons. First, a trial court is presumed to have understood and followed the applicable law. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114 ["[W]e apply the general rule 'that a trial court is presumed to have been aware of and followed the applicable law.' "]; *McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1103 ["We presume the trial court knew and properly applied the law absent evidence to the contrary."]; *Keep Our Mountains Quiet v. County of Santa Clara* (2015) 236 Cal.App.4th 714, 741 [" 'It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties.' "].) We do not understand the trial court's silence on the issue of the presumption in favor of imposition of a split sentence with mandatory supervision to reflect that the trial court did not understand the law. Indeed, as we discuss below, the trial court considered several of the relevant considerations for denying mandatory supervision (articulated in rule 4.415(b)) in arriving at its sentence. Second, the trial court stated that it "read and considered" the probation officer's report. In that report, the probation officer detailed the presumption in favor of imposition of a split sentence.[4]

---

[4] Defendant contends the trial court "seemed to realize for the first time that probation had recommended a split sentence" after reaching its decision that a straight sentence should be imposed. That conclusion is both inconsistent with the presumption that the trial court read the probation report and the trial court's statement that it had read and considered the recommendation. Further, the trial court indicated its discussion of defendant's eligibility for probation was a "clarification" that it could grant probation if it

6.

Next, at the sentencing hearing, the trial court considered defendant's remaining time in custody after application of presentence custody credits (see rule 4.415(b)(1)) and the nature and circumstances of defendant's present offense and the seriousness of defendant's present and prior offenses (see rule 4.415(b)(4)).  It explained that defendant had already served 72 actual days in custody and that on a two-year straight sentence defendant would only serve an additional "eight or nine months …."  The trial court described that "facts and circumstances of the case [were] somewhat bothersome.  … [T]he defendant was being pursued[] [and] [j]umped out of his car into another car which … had the potential for another carjacking …."  In light of defendant's presentence credits, the circumstances of the present offense, and defendant's criminal history— which, as noted in the presentence report, included violations of probation, parole, and at least one court order—the trial court imposed a two-year straight sentence.  Based on the court's consideration of relevant factors on the record, we find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

---

found "extenuating circumstances …."  That clarification was made in response to defendant's counsel's suggestion he was "not eligible" for probation.  The trial court's discussion of probation eligibility was not an indication that it was unaware of the probation officer's recommendation that mandatory supervision be granted.